# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL S., in her individual capacity,<br>and as parent and legal guardian<br>of Minor Plaintiffs, JO. S. and JE. S., | ) ) ) | |
| | ) | Civil Action No. 2:20-cv-1353 |
| **Plaintiffs,** | ) ) | (Judge Cercone) |
| v. | ) ) | Electronically Filed |
| BUTLER WESLEYAN ACADEMY,<br>BUTLER WESLEYAN METHODIST<br>CHURCH, ALLEGHENY WESLEYAN<br>METHODIST CONNECTION,<br>PAUL FISH, TEDDY ZEIGLER,<br>SALLY ZEIGLER, DENNIS J. BALLOCK,<br>DAVE PATTERSON, CURT FIELD,<br>KIMBERLY FISH, and<br>JOHN/JANE DOE(S) | ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## DEFENDANT'S MEMORANDUM OF LAW
## <u>IN SUPPORT OF MOTION TO DISMISS</u>

Dated: November 19, 2020

David R. Dye, Esq.
PA 88665
dye@bmc-law.net
Ball, Murren & Connell, LLC
2303 Market Street
Camp Hill, PA 17011
(717) 232-8731

*Counsel for Defendant Allegheny Wesleyan*
*Methodist Connection*

## <u>TABLE OF CONTENTS</u>

I.    Introduction   …………………………………………………………………..1

II.   Statement of Facts   …………………………………………………………...2

III.  Allegations   …………………………………………………………………...3

IV.   Legal Standard   ………………………………………………………………3

V.    Argument   ……………………………………………………………………4

      A.    Plaintiffs' Claims Against Defendant Allegheny Wesleyan Methodist Connection
            for Violations of 42 U.S.C. § 1981 Should be Dismissed.   ……………………..4

            1.    Plaintiffs Fail to Establish a Claim of Racial Discrimination under 42 U.S.C.
                  § 1981 Against Defendant Allegheny Wesleyan Methodist Connection
                  (Count I).   ……………………………………………………………..5

            2.    All of Plaintiffs Remaining § 1981 Claims Fail As A Matter of Law Because
                  Plaintiffs Have Not Established An Underlying Violation.   …………….8

            3.    Regardless, Plaintiffs Remaining § 1981 Claims Fail Because They Have
                  Failed to Plead Any Facts Supporting Violations of § 1981.   ……………8

                  a.    Plaintiffs Fail to Establish a Claim of Hostile Educational
                        Environment under 42 U.S.C. § 1981 Against Defendant Allegheny
                        Wesleyan Methodist Connection (Count II).   …………………..9

                  b.    Plaintiffs Fail to Establish a Claim of Retaliation under 42 U.S.C. §
                        1981 Against Defendant Allegheny Wesleyan Methodist
                        Connection (Count III).   ………………………………………..9

                  c.    Plaintiffs Fail to Establish a Claim of Denial of Equal Educational
                        Opportunity under 42 U.S.C. § 1981 Against Defendant Allegheny
                        Wesleyan Methodist Connection (Count IV).   ………………...10

                  d.    Plaintiffs Fail to Establish a Claim of Failure to Adequately Train,
                        Supervise and Oversee under 42 U.S.C. § 1981 Against Defendant
                        Allegheny Wesleyan Methodist Connection (Count IV).   ……...11

      B.    Plaintiffs Fail to Establish a Claim of Racial Discrimination under 42 U.S.C. §
            1981 Against Defendant(s) John/Jane Doe(s).   ………………………………12

VI.   Conclusion   ……………………………………………………………………..13

i

## **TABLE OF AUTHORITIES**

**Cases**                                                                                    **Page(s)**

*Adler, Barish, Daniels, Levin & Creskoff v. Epstein*,
    482 Pa. 416, 393 A.2d 1175 (Pa. 1978)   …………………………………………………..7

*Al-Khazraji v. Saint Francis College*,
    784 F.2d 505 (3d Cir. 1986)   ……………………………………………………….7, 12-13

*Allen v. Denver Public School Board*,
    928 F.2D 978 (10th Cir. 1991)   …………………………………………………………12-13

*Ashcroft v. Iqbal*,
    556 U.S. 662, 679 (2009)   ……………………………………………………………….3

*Bell Atlantic Corporation v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007)   …………………………………………………...3

*Bridges v. Scranton School District*,
    644 Fed.Appx. 172 (3d Cir. 2016)   …………………………………………………...8

*Brown v. Philip Morris, Inc.*,
    250 F.3d 789 (3d Cir. 2001)   …………………………………………………………..5

*Carswell v. Borough of Homestead*,
    381 F.3d 235 (3d Cir. 2004)   …………………………………………………………..8

*Carter v. City of Philadelphia*,
    181 F.3d 339 (3d Cir. 1999)   …………………………………………………………...11

*CGB Occupational Therapy, Inc. v. RHA Health Services Inc.*,
    357 F.3d 375 (3d Cir. 2004)   …………………………………………………………..7

*City of Canton v. Harris*,
    489 U.S. 378, 392 (1989)   …………………………………………………………...11

*Collins v. Christie*,
    2008 U.S. Dist. LEXIS 53233 (E.D. Pa. 2008)   ………………….………………….7

*Comcast Corporation v. National Association of African American-Owned Media*,
    589 U.S. __, 140 S.Ct. 1009 (2020)   ………………………………………………….5

*Domino's Pizza, Inc. v. McDonald*,
    546 U.S. 470 (2006)   …………………………………………………………………..6

*Estate of Oliva ex rel. McHugh v. State of NJ, Department of Law and Public Safety*,
    604 F.3d 788 (3d Cir. 2010)   …………………………………………………..8, 10

*General Building Contractors Association, Inc. v. Pennsylvania,*
458 U.S. 375 (1982) …………………………………………………………………4, 5

*HIRA Educational Services of North America v. Augustine*,
2019 WL 1015340 (W.D. Pa. 2019) …………………………………………..7

*Johnson v. Dunkin' Donuts Franchising L.L.C.,*
2012 WL 1828028 (W.D. Pa. 2012) ……………………………………………6

*Johnson v. Resources for Human Development, Inc.*,
843 F.Supp. 974 (E.D. Pa. 1994) ………………………………………………..12-13

*Jones* v. *Alfred H. Mayer Company,*
392 U.S. 409 (1968) ………………………………………………………………..4

*Ke v. Drexel University*,
2015 WL 5316492 (E.D. Pa. 2015) ……………………………………………...10

*McDonald* v. *Santa Fe Trail Transportation Company,*
427 U.S. 273 (1976) ………………………………………………………………..4

*Moore v. Solanco School District*,
2020 WL 3888069 (E.D. Pa. 2020) …………………………………………......9

*Phillips v. County of Allegheny*,
515 F.3d 224 (3d Cir. 2008) …………………………………………………..3

*Pryor v. National Collegiate Athletic Association,*
288 F.3d 548 (3d Cir. 2002) ……………………………………………………..5

*Reitz v. County of Bucks,*
125 F.3d 139 (3d Cir. 1997) …………………………………………………...11

*Runyon v. McCrary*,
427 U.S. 160(1976) …………………………………………….................4, 10

## **Statutes**

42 U.S.C. § 1981 …………………………………………………………………….passim

## **Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ………………………………………………5

Restatement (Second) of Torts § 766 (1977) ……………………………………………...7

Defendant, Allegheny Wesleyan Methodist Connection (Original Allegheny Conference) ("Allegheny Wesleyan Methodist Connection" or "Connection"), by and through undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss.

## I.    INTRODUCTION

On September 9, 2020, the Plaintiffs, Gail S., Jo. S., and Je. S., by and through their attorneys, filed a complaint against Butler Wesleyan Academy ("Academy"), Butler Wesleyan Methodist Church ("Church"), Allegheny Wesleyan Methodist Connection, and several individual Defendants,[1] alleging the Defendants violated the Plaintiffs' rights under Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. Plaintiffs' Complaint alleges four separate violations of § 1981 against all Defendants for Race Discrimination (Count I), Hostile Educational Environment (Count II), Retaliation (Count III), and Denial of Equal Educational Opportunity (Count IV). In addition, Plaintiffs' Complaint alleges a violation of Section § 1981 solely against the Allegheny Wesleyan Methodist Connection for Failure to Train, Supervise, and Oversee (Count IV).[2] In addition, Plaintiffs' Complaint alleges a violation of Pennsylvania Common Law against Defendant Academy and the individual Defendants for Breach of Contract (Count V). A copy of Plaintiffs' Complaint is attached as Exhibit A.

---

[1] The individual Defendants include: Paul Fish who was the chairman of Defendant Academy's board and the pastor of Defendant Church; Teddy Zeigler who was the Principal of Defendant Academy, a member of Defendant Academy's board, and a pastor with Defendant Connection; Salley Zeigler who was the administrator for Defendant Academy and an acting member of Defendant Academy's board; Dave Patterson, Dennis Ballock, and Curt Field who were acting members of Defendant Academy's board; Kimberly Fish who acted as treasurer for Defendant Academy; and John and/or Jane Doe(s) who are members of Defendant Connection's leadership, including, but not limited to, Defendant Connection's president, vice president, secretary, treasurer, board or trustees, advisory board, board of administration and/or board of education. (Compl. ¶¶ 14-27.)

[2] Plaintiffs' Complaint labels two claims as Count IV – Denial of Equal Educational Opportunity against all Defendants and Failure to Train, Supervise, and Oversee against Defendant Connection.

Defendant Allegheny Wesleyan Methodist Connection – an organization comprised of a community of churches and companies of persons sharing similar religious beliefs and values – asserts that each of the claims against it fail as a matter of law.

## II.   STATEMENT OF FACTS

The minor plaintiffs, Jo. S. and Je. S. attended Butler Wesleyan Academy ("Academy"), a private, religious educational institution, operated as a ministry of Butler Wesleyan Methodist Church ("Church"). (Compl. ¶¶ 6-7.) For Jo. S. and Je. S. to attend the Academy, Plaintiffs were required to sign a contract, pay tuition, and comply with the Academy's School Handbook. (Compl. ¶ 31.)

At the Academy, Jo. S. and Je. S. were academically performing above their grade level in various subjects and were described by their teachers as disrespectful and/or disobedient. (Compl. ¶¶ 43-44.) The Academy documented Jo. S. and Je. S.'s behaviors. (Compl. ¶ 49.)

Jo. S. and Je. S. are multi-racial, having both East Indian and Jewish ancestry. (Compl. ¶¶ 5, 29.) Throughout the 2017-2018 and 2018-2019 academic school years, teachers, and students at the Academy made ethnic and racially hostile statements, slurs and/or threats to and/or about Jo. S. and Je. S. (Compl. ¶ 35.) Gail S., the parent and natural guardian of the minor Plaintiffs, complained of the racially hostile comments and that Jo. S. and Je. S. were being treated differently because of their race and/or ethnicity and/or in retaliation for complaints of racially hostile comments. (Compl. ¶¶ 4, 45, 54.)

On January 10, 2019, the Academy's board members "indefinitely suspended" Jo. S. and Je. S. (Compl. ¶¶ 55.)

## III.    ALLEGATIONS

As set forth in ¶¶ 31 and 58 of the Complaint, Plaintiffs allege a contractual relationship with Defendant Academy and the indefinite suspension and/or expulsion of Jo. S. and Je. S. because of their race and/or ethnicity and/or in retaliation against Plaintiffs for their multiple reports of discrimination violated Section 1981.

Plaintiffs' allegations related to Defendant Allegheny Wesleyan Methodist Connection, as set forth in ¶¶ 12-13, 33-34, 68, 78, 86, 94, 102, 107, and 111 of the Complaint, all make the same assertion: the alleged discrimination and retaliation "against the Plaintiffs was a direct and proximate result of Defendant Connection, and/or Defendant Doe(s), failure to properly train, supervise and/or oversee its members, including Defendants Church and Academy."

## IV.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim on which relief can be granted. In rendering a decision on a motion to dismiss, first, the Court "must accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.). Second, a complaint must be dismissed if it does not allege a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plausibility standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 545. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

V.    **ARGUMENT**

A.    **Plaintiffs' Claims Against Defendant Allegheny Wesleyan Methodist Connection for Violations of 42 U.S.C. § 1981 Should be Dismissed.**

Plaintiffs allege that Defendants discriminated against them on the basis of race and national origin in violation of 42 U.S.C. § 1981 ("Section 1981"). (Compl. ¶¶ 5, 29, 58, 74-75, 84, 92, 100, 108.) Section 1981, which has its origins in § 1 of the Civil Rights Act of 1866, prohibits race discrimination in the making and enforcement of private contracts. *McDonald* v. *Santa Fe Trail Transportation Company,* 427 U.S. 273, 287-296 (1976); *Runyon v. McCrary*, 427 U.S. 160, 168-170 (1976); *Jones* v. *Alfred H. Mayer Company,* 392 U.S. 409, 422-437 (1968). Section 1981 provides:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981. "In *General Building Contractors Association, Inc.* v. *Pennsylvania*, 458 U. S. 375 (1982), the Court explained that §1981 was 'designed to eradicate blatant deprivations of civil rights,' such as where 'a private offeror refuse[d] to extend to [an African-American], . . . because

4

he is [an African-American], the same opportunity to enter into contracts as he extends to white offerees.' *Id.*, at 388 (emphasis deleted; internal quotation marks omitted)." *Comcast Corporation v. National Association of African American-Owned Media,* 589 U.S. __, 140 S.Ct. 1009 (2020).

To prevail on a race discrimination claim under Section 1981, a plaintiff "must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corporation,* 589 U.S. __, 140 S.Ct. 1009 (2020). Section 1981 can be violated only by purposeful discrimination. *General Building Contractors Association, Inc. v. Pennsylvania,* 458 U.S. 375, 391 (1982); *see also Pryor v. National Collegiate Athletic Association,* 288 F.3d 548, 562 (3d Cir. 2002) ("§ 1981 provide[s] a private cause of action for intentional discrimination only"). Such purposeful discrimination must concern an activity identified in 42 U.S.C. § 1981(a). *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

Here, Plaintiffs' unsupported and conclusory allegations against Defendant Connection for a "failure to properly train, supervise and/or oversee its members" fail to sufficiently allege intentional discrimination or interference with the right to "make and enforce contracts." Thus, Plaintiffs' Section 1981 claims against Defendant Connection should be dismissed pursuant to Fed. R. 12(b)(6).

>    1.    **Plaintiffs Fail to Establish a Claim of Racial Discrimination under 42 U.S.C. § 1981 Against Defendant Allegheny Wesleyan Methodist Connection (Count I).**

To state a discrimination claim under Section 1981, the Plaintiffs must allege facts showing: "(1) that the plaintiff is a member of a racial minority, (2) an intent to discriminate on the basis of race by the defendants, and (3) discrimination concerning one or more of the activities enumerated un the statute, which includes the right to make and enforce contracts." *Brown*, 250 F.3d at 797. With respect to Defendant Connection, the Plaintiffs' Complaint only alleges that the

"discrimination of Plaintiffs Jo. S. and Je. S. was a direct and proximate result of Defendant Connection, and/or Defendant Doe(s), failure to properly train, supervise and/or oversee its members, including Defendants Church and Academy." (Compl. ¶ 78.) This Count should be dismissed because Plaintiffs do not allege that Defendant intentionally interfered with Plaintiffs alleged contractual rights.

Plaintiffs cannot satisfy the second element of a discrimination claim under Section 1981 – intent to discriminate. *Johnson v. Dunkin' Donuts Franchising L.L.C.,* 2012 WL 1828028, at *21 (citing *Gross v. Reynolds*, CIV.A. 10-2380, 2011 WL 4402106, at *4 (M.D. Pa. 2011) ("In order to state a violation of § 1981, a specific factual basis must be pled to create the inference of discrimination.")). Here, Plaintiff does not plead any facts establishing that Defendant Connection's alleged conduct – failure to properly train, supervise and/or oversee its members – was discriminatory or reflects discriminatory bias. Moreover, there are no allegations that Defendant Connection was involved with, condoned, or was complicit in the alleged discrimination.

Likewise, Plaintiffs cannot satisfy the third element of a discrimination claim under Section 1981 – deprived of ability to make and enforce a contract. In *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470 (2006), the Supreme Court noted that "[a]ny claim brought under § 1981 . . . must initially identify an impaired 'contractual relationship' under which the plaintiff has rights." *Id.* at 476. Here, Plaintiffs allege a contractual relationship with Defendant Academy. (Compl. ¶¶ 31 and 114.) There are no allegations in the Complaint that Defendant Connection is a party to the alleged educational contract, and Defendant Connection is not a named defendant for the state law breach of contract claim included in Plaintiffs' Complaint.

Nonetheless, "courts within the Third Circuit have held that '[a] third party can be liable under § 1981 if that party intentionally interferes, on the basis of race, with another's right to make and enforce contracts, regardless of whether the employer or anyone else may also be liable.'" *HIRA Educational Services of North America v. Augustine*, 2019 WL 1015340 (W.D. Pa. 2019) (quoting *Collins v. Christie,* 2008 U.S. Dist. LEXIS 53233, at *31 (E.D. Pa. 2008)). "In other words, a plaintiff must plead facts showing not only that the defendant engaged in discriminatory conduct, but also that the defendant's conduct caused the alleged impairment of the plaintiffs right to make or enforce a contract." *Id*. at *4. (Court granted motion to dismiss in favor of defendant because plaintiff failed to plead facts sufficient to support the causation element of a cause of action under Section 1981).

The Restatement (Second) of Torts provides a helpful description of the tort of intentional interference with the performance of contract by a third party as follows:

> One who intentionally and improperly interferes with the performance of a contract … between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other ….

Restatement (Second) of Torts § 766 (1977); *Al-Khazraji v. Saint Francis College*, 784 F.2d 505 (3d Cir. 1986), *aff'd*, 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987) (Section 1981 is in the nature of a torts remedy); *Adler, Barish, Daniels, Levin & Creskoff v. Epstein*, 482 Pa. 416, 431, 393 A.2d 1175, 1183 (Pa. 1978). To succeed on a claim for tortious interference, a plaintiff must show "purposeful action by the defendant, specifically intended to harm the existing relation …." *CGB Occupational Therapy, Inc. v. RHA Health Services Inc.,* 357 F.3d 375, 384 (3d Cir. 2004). Here, there are no allegations of any action or conduct, let alone purposeful action, on the part of Defendant Connection intended to harm the alleged contractual relationship between Plaintiffs and Defendant Academy. Again, the only allegation—an allegation that is absent of any supporting

fact—is failure to properly train, supervise and/or oversee its members. Plaintiffs have failed to plead any facts sufficient to establish a causal connection between the Defendant Connection's alleged conduct and the alleged conduct and decisions of the Defendant Academy.

Consequently, Defendant Connection is entitled to be dismissed from the case.

### 2. All of Plaintiffs Remaining § 1981 Claims Fail As A Matter of Law Because Plaintiffs Have Not Established An Underlying Violation.

Plaintiffs' Complaint alleges four additional violations of § 1981 against Defendant Connection: Hostile Educational Environment (Count II), Retaliation (Count III), Denial of Equal Educational Opportunity (Count IV), and Failure to Train, Supervise, and Oversee (Count IV). All of Plaintiffs' remaining claims against Defendant Connection are predicated on the same alleged failure to train, supervise, and oversee conduct as their race discrimination claim. Since Plaintiffs have failed to establish an underlying violation, i.e., intentional discrimination, these remaining claims fail as a matter of law. *See Bridges v. Scranton School District*, 644 Fed.Appx. 172 (3d Cir. 2016) (must raise at least an inference of discrimination to move forward with hostile environment claim); *Estate of Oliva ex rel. McHugh v. State of NJ, Department of Law and Public Safety*, 604 F.3d 788 (3d Cir. 2010) (must demonstrate an underlying section 1981 violation in a retaliation case); and *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004) (failure to train claim failed because no underlying constitutional violation).

### 3. Regardless, Plaintiffs Remaining § 1981 Claims Fail Because They Have Failed to Plead Any Facts Supporting Violations of § 1981.

If this Honorable Court determines that these claims do not require the Plaintiffs to establish an underlying violation, the complaint must still be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs have not alleged facts to support their claims.

> **a.      Plaintiffs Fail to Establish a Claim of Hostile Educational Environment under 42 U.S.C. § 1981 Against Defendant Allegheny Wesleyan Methodist Connection (Count II).**

"To succeed on a hostile educational environment claim under § 1981, the plaintiffs must show: (1) they are members of a protected class; (2) they were harassed because of race; (3) the defendant(s) had actual knowledge of and was deliberately indifferent to the harassment; and (4) the harassment was so severe and objectively offensive that it deprived the plaintiffs of access to the educational benefits or opportunities provided by the school." *Moore v. Solanco School District*, 2020 WL 3888069, at *4-5 (E.D. Pa. 2020). With respect to Defendant Connection, the Plaintiffs' Complaint only alleges that the "racially hostile educational environment was a direct and proximate result of Defendant Connection, and/or Defendant Doe(s), failure to properly train, supervise and/or oversee its members, including Defendants Church and Academy." (Compl. ¶ 86.) This Count should be dismissed because Plaintiffs have failed to plead any facts establishing that Defendant Connection had actual knowledge of and was deliberately indifferent to the alleged harassment by Defendant Academy.

> **b.      Plaintiffs Fail to Establish a Claim of Retaliation under 42 U.S.C. § 1981 Against Defendant Allegheny Wesleyan Methodist Connection (Count III).**

To establish a prima facie case of retaliation under § 1981, a plaintiff must show: "(1) that he engaged in a protected activity;  (2) that he suffered an adverse … action;  and (3) that there was a causal connection between the protected activity and the adverse … action." *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001). With respect to Defendant Connection, the Plaintiffs' Complaint only alleges that the "discrimination and retaliation against the Plaintiffs was a direct and proximate result of Defendant Connection, and/or Defendant Doe(s), failure to properly train,

supervise and/or oversee its members, including Defendants Church and Academy." (Compl. ¶ 94.)

In *Estate of Oliva ex rel. McHugh*, the Third Circuit held: "In a retaliation case a plaintiff must demonstrate that there had been an underlying section 1981 violation." 604 F.3d at 798; *see also Ke v. Drexel University*, 2015 WL 5316492 (E.D. Pa. 2015), *aff'd*, 2016 WL 1105404 (3d Cir. Mar. 22, 2016). Consequently, since Plaintiffs have failed to plead facts sufficient to establish an underlying violation of section 1981 by Defendant Connection, this Count should be dismissed.

In any case, this Count should be dismissed because Plaintiffs have failed to plead any facts establishing that they told Defendant Connection about the alleged discrimination.

<blockquote>
c.    **Plaintiffs Fail to Establish a Claim of Denial of Equal Educational Opportunity under 42 U.S.C. § 1981 Against Defendant Allegheny Wesleyan Methodist Connection (Count IV).**
</blockquote>

This equal educational opportunity claim is derivative of the race discrimination claim, and consequently, this count should be dismissed. Section 1981 on its face gives all persons the same or equal right to contract. 42 U.S.C. § 1981(a)(captioned "Statement of equal rights"). Plaintiffs claim "a contractual relationship with Defendants which included the benefits of Plaintiffs Jo. S. and Je. S's education" and that the alleged racial discrimination at Defendant Academy "undermined and detracted from their educational experience, that they were effectively denied equal access to education…. (Compl. ¶¶ 99, 101.) In other words, Plaintiff contracted for her children's education and they are not receiving the same right to contract because of the alleged racial discrimination. *See Runyon*, 427 U.S. 160. These are the same elements required for a race discrimination claim under § 1981. As discussed above, Plaintiffs have failed to plead any facts establishing conduct/acts by Defendant Connection amounting to discrimination against Plaintiffs

based on race, a contractual relationship, or interference with a contractual relationship; therefore, this Count should be dismissed.

> **d.    Plaintiffs Fail to Establish a Claim of Failure to Adequately Train, Supervise and Oversee under 42 U.S.C. § 1981 Against Defendant Allegheny Wesleyan Methodist Connection (Count IV).**

While it is clear that under §1983 jurisprudence (relating to the conduct of state actors) liability can attach for failure to train, supervise and oversee an employee, there appears to be no corresponding jurisprudence that Defendant Connection could identify which specifically addresses the issue of liability for failure to train, supervise and oversee under § 1981. Even if a "failure to train" is a basis for liability under § 1981, borrowing the theory from § 1983 cases, the Plaintiffs still have not plead sufficient facts to state a claim.

Under § 1983, a municipality may be liable for failing to supervise or train its employees, but only where "where that city's failure to train reflects deliberate indifference to the constitutional rights [of those affected]." *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). To show that a failure to train amounted to deliberate indifference under § 1983, a plaintiff must show that: "(1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999). Moreover, the Third Circuit Court of Appeals has held that to establish liability on a failure to train claim under § 1983, plaintiffs "must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." *Reitz v. County of Bucks,* 125 F.3d 139, 145 (3d Cir. 1997).

11

Plaintiffs vaguely allege the Defendant Connection is responsible for oversight, but do not plead facts to establish the Defendant Connection was an employer, a governing body, or policymaker with responsibility for any of the other defendants. Second, plaintiffs vaguely allege that the discrimination and retaliation against the Plaintiffs was a direct and proximate cause of Defendant Connection's failure to supervise or train, but fail to allege that the Connections failure to provide a specific type of training caused exposure to the alleged discrimination.

Consequently, since Plaintiffs' Complaint fails to set forth any facts that could possibly support a claim for failure to train, this Count should be dismissed.

**B.      Plaintiffs Fail to Establish a Claim of Racial Discrimination under 42 U.S.C. § 1981 Against Defendant(s) John/Jane Doe(s).**

Plaintiffs' Complaint includes John/Jane Doe(s) as a party – "Defendants, John and/or Jane Doe(s), unknown in name and number, are members of Defendant Connection's leadership that provides oversight over Defendant Connection's members and/or with decision-making authority, including, but not limited to, Defendant Connection's president, vice president, secretary, treasurer, board or trustees, advisory board, board of administration and/or board of education." (Compl. ¶ 27.) The allegations and claims against John/Jane Doe(s) mirror those for Defendant Connection. (Compl. ¶¶ 68, 78, 86, 94, 102, and 111.) These unnamed individual Defendants should also be dismissed from all claims.

The Third Circuit has held that "[d]irectors, officers, and employees of a corporation may become personally liable when they intentionally cause an infringement of rights protected by Section 1981, regardless of whether the corporation may also be held liable." *Al-Khazraji*, 784 F.2d at 518. However, "a claim seeking to impose personal liability under Section 1981 must be predicated on the actor's personal involvement and there must therefore be some affirmative link to causally connect the actor with the discriminatory action." *Johnson v. Resources for Human*

*Development, Inc.*, 843 F.Supp. 974, 978 (E.D. Pa. 1994) (citing *Allen v. Denver Public School Board*, 928 F.2D 978, 983 (10th Cir. 1991)). Plaintiffs' Complaint has failed to plead any facts to establish that John/Jane Doe(s) were personally involved with, authorized, directed, or participated in the alleged discriminatory conduct. *Id; see also Al-Khazraji*, 784 F.2d at 518. Since there are no facts to establish a causal link to connect these Defendants with the actions complained of, the Court should also dismiss any claims against these individual defendants.

## VI.    CONCLUSION

For the foregoing reasons, Defendant Connection respectfully requests that the Court grant its Motion to Dismiss.

Dated: November 19, 2020

/s/ *David R. Dye*
David R. Dye, Esq.
PA 88665
dye@bmc-law.net
Ball, Murren & Connell, LLC
2303 Market Street
Camp Hill, PA 17011
(717) 232-8731
*Counsel for Defendant Allegheny Wesleyan Methodist Connection*

13

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2020, I electronically filed this Memorandum of Law in Support of Motion to Dismiss with the United States District Court for the Western District of Pennsylvania via the Court's NextGen CM/ECF system, which will provide electronic notice to:

Joel S. Sansone
Elizabeth Tuttle
Massimo A. Terzigni
Law Offices of Joel Sansone
603 Stanwix Street, Suite 1290
Two Gateway Center
Pittsburgh, PA 15222


Adam M. Barnes
Walsh, Barnes, Collis & Zumpella, P.C.
707 Grant Street, Suite 1400
Pittsburgh, PA 15219



/s/ *David R. Dye*
David R. Dye, Esq.
*Counsel for Defendant Allegheny Wesleyan Methodist Connection*