IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GAIL S., in her individual capacity, and as
parent and legal guardian of Minor Plaintiffs,
JO. S. and JE. S.,                                        Civil Action No.: 2:20-cv-1353

      Plaintiffs,

vs.

BUTLER WESLEYAN ACADEMY,
BUTLER WESLEYAN METHODIST
CHURCH, ALLEGHENY WESLEYAN
METHODIST CONNECTION, PAUL FISH,
TEDDY ZEIGLER, SALLY ZEIGLER,
DENNIS J. BALLOCK, DAVE
PATTERSON, CURT FIELD, KIMBERLY
FISH, and JOHN/JANE DOE(S),

      Defendants.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
BUTLER WESLEYAN ACADEMY, BUTLER WESLEYAN METHODIST CHURCH,
PAUL FISH, TEDDY ZEIGLER, SALLY ZEIGLER, DENNIS J. BALLOCK, DAVE
PATTERSON, CURT FIELD, AND KIMBERLY FISH**

NOW COMES Defendants, Butler Wesleyan Academy, Butler Wesleyan Methodist

Church, Paul Fish, Teddy Zeigler, Sally Zeigler, Dennis J. Ballock, Dave Patterson, Curt Field,

and Kimberly Fish by and through their undersigned counsel, Walsh, Barnes & Zumpella, P.C.

and Adam M. Barnes, Esquire and file their Answer and Affirmative Defenses and aver:

### ANSWER

### JURISDICTION AND VENUE

1.      Paragraph No. 1 of the Complaint is denied and strict proof thereof is demanded

at trial.

2.      Paragraph No. 2 of the Complaint is denied and strict proof thereof is demanded

at trial.

3.      Paragraph No. 3 of the Complaint is denied and strict proof thereof is demanded at trial.

## PARTIES

4.      Paragraph No. 4 of the Complaint is, upon information and belief, admitted.

5.      Paragraph No. 5 of the Complaint is denied as stated. It is admitted that these Defendants understood that Jo. S. and Je. S. are not Caucasian. The remainder of the averment is denied on the grounds that these Defendants lack knowledge or information sufficient to form a belief about the truth of the averment and strict proof thereof is demanded at trial.

6.      Paragraph No. 6 of the Complaint is admitted.

7.      Paragraph No. 7 of the Complaint is admitted.

8.      Paragraph No. 8 of the Complaint states a legal conclusion to which no answer is required. To the extent that an answer is deemed necessary, said averment is admitted.

9.      Paragraph No. 9 of the Complaint is admitted; however, the Church no longer uses 133 Valley Street, Butler, Pennsylvania 16002 as a business address.

10.     Paragraph No. 10 of the Complaint states a legal conclusion to which no answer is required. To the extent that an answer is deemed necessary, said averment is admitted.

11.     Paragraph No. 11 of the Complaint is admitted.

12.     Paragraph No. 12 of the Complaint is not directed toward these Defendants and, therefore, no answer is required.

13.     Paragraph No. 13 of the Complaint is not directed toward these Defendants and, therefore, no answer is required.

14.     Paragraph No. 14 of the Complaint is admitted.

15.    Paragraph No. 15 of the Complaint states a legal conclusion to which no answer is required. To the extent that an answer is deemed necessary, it is admitted that at all times relevant to the time period identified in the Complaint Paul Fish was the pastor of the Church and the Chairman of the Academy's board. It is admitted that as a member of the Academy's board Paul Fish had the ability to cast a vote as part of the Board's decision-making process in the event of a tie among the other voting Board members. The remainder of the averment is denied and strict proof thereof is demanded at trial.

16.    Paragraph No. 16 of the Complaint is admitted except Mr. Zeigler is a resident of Westmoreland County.

17.    Paragraph No. 17 of the Complaint states a legal conclusion to which no answer is required. To the extent that an answer is deemed necessary, it is admitted that at all times relevant to the time period identified in the Complaint Mr. Zeigler was the principal of the Academy and an acting member of the Academy's board. It is admitted that as a member of the Academy's board Mr. Zeigler had the ability to cast a vote as part of the Board's decision-making process. It is admitted Mr. Zeigler is a pastor with the Connection. The remainder of the averment is denied and strict proof thereof is demanded at trial.

18.    Paragraph No. 18 of the Complaint is admitted except Mrs. Zeigler is a resident of Westmoreland County.

19.    Paragraph No. 19 of the Complaint states a legal conclusion to which no answer is required. To the extent that an answer is deemed necessary, it is admitted that at all times relevant to the time period identified in the Complaint Mrs. Zeigler was a teacher for the Academy and an acting member of the Academy's board. It is admitted that as a member of the Academy's board Mrs. Zeigler had the ability to cast a vote as part of the Board's decision-making process. The remainder of the averment is denied and strict proof thereof is demanded at trial.

20.     Paragraph No. 20 of the Complaint states a legal conclusion to which no answer is required. To the extent that an answer is deemed necessary, it is admitted that Mr. Patterson is a Caucasian adult, a resident of Mercer County, and became an acting member of the Academy's board on or about January 10, 2019. It is admitted that as a member of the Academy's board Mr. Patterson had the ability to cast a vote as part of the Board's decision-making process. The remainder of the averment is denied and strict proof thereof is demanded at trial.

21.     Paragraph No. 21 of the Complaint is admitted.

22.     Paragraph No. 22 of the Complaint states a legal conclusion to which no answer is required. To the extent that an answer is deemed necessary, it is admitted that Mr. Ballock became an acting member of the Academy's board on or about January 10, 2019. It is admitted that as a member of the Academy's board Mr. Ballock had the ability to cast a vote as part of the Board's decision-making process. The remainder of the averment is denied and strict proof thereof is demanded at trial.

23.     Paragraph No. 23 of the Complaint is admitted that Mr. Field is a Caucasian adult male who resides in Butler County.

24.     Paragraph No. 24 of the Complaint states a legal conclusion to which no answer is required. To the extent that an answer is deemed necessary, it is admitted that Mr. Patterson became an acting member of the Academy's board on or about January 10, 2019. It is admitted that as a member of the Academy's board Mr. Patterson had the ability to cast a vote as part of the Board's decision-making process. The remainder of the averment is denied and strict proof thereof is demanded at trial.

25.     Paragraph No. 25 of the Complaint is admitted.

26.     Paragraph No. 26 of the Complaint states a legal conclusion to which no answer is required. To the extent that an answer is deemed necessary, it is admitted that at all times relevant to the time period identified in the Complaint Kimberly Fish was the treasurer of the Academy. The remainder of the averment is denied and strict proof thereof is demanded at trial.

27.     Paragraph No. 27 of the Complaint is not directed toward these Defendants and, therefore, no answer is required.

## FACTUAL ALLEGATIONS

28.     Paragraph No. 28 of the Complaint is admitted.

29.     Paragraph No. 29 of the Complaint is denied as stated. It is admitted that these Defendants understood that Jo. S. and Je. S. are not Caucasian. The remainder of the averment is denied on the grounds that these Defendants lack knowledge or information sufficient to form a belief about the truth of the averment and strict proof thereof is demanded at trial.

30.     Paragraph No. 30 of the Complaint is denied and strict proof thereof is demanded at trial.

31.     Paragraph No. 31 of the Complaint states a legal conclusion to which no answer is required. To the extent that an answer is deemed necessary, it is admitted in part and denied in part. It is admitted that Gail S. signed an Application for Re-enrollment with the Academy for Jo. S. and Je. S., paid tuition for Jo. S and Je. S. to attend the Academy, and Jo. S. and Je. S. were required to comply with the Student Handbook.  The remainder of the averment is denied and strict proof thereof is demanded at trial.

32.     Paragraph No. 32 of the Complaint is admitted.

33.     Paragraph No. 33 of the Complaint is admitted.

34.     Paragraph No. 34 of the Complaint is denied.

35.     Paragraph No. 35 of the Complaint is denied and strict proof thereof is demanded at trial.

36.     Paragraph No. 36 of the Complaint is denied and strict proof thereof is demanded at trial.

37.     Paragraph No. 37 of the Complaint is denied and strict proof thereof is demanded at trial.

38.     Paragraph No. 38 of the Complaint is denied and strict proof thereof is demanded at trial.

39.     Paragraph No. 39 of the Complaint is denied and strict proof thereof is demanded at trial.

40.     Paragraph No. 40 of the Complaint is denied and strict proof thereof is demanded at trial.

41.     Paragraph No. 41 of the Complaint is admitted. By way of further answer, it is denied that Jo. S. and Je. S. were subjected to any harassment based on race and ethnicity and strict proof thereof is demanded at trial.

42.     Paragraph No. 42 of the Complaint is denied and strict proof thereof is demanded at trial.

43.     Paragraph No. 43 of the Complaint is admitted in part and denied in part. It is admitted that Jo. S. and Je. S. engaged in disrespectful and/or disobedient conduct during their time attending the Academy which ultimately led to their indefinite suspension from the Academy and withdrawal from the Academy. The remainder of the averment is denied and strict proof thereof is demanded at trial.

44.     Paragraph No. 44 of the Complaint is admitted in part and denied in part. It is admitted that Jo. S. and Je. S. were academically performing above their grade level in some subjects. The remainder of the averment is denied and strict proof thereof is demanded at trial.

45.     Paragraph No. 45 of the Complaint is admitted in part and denied in part. It is admitted that in or about December 2018 Gail S. brought to Pastor Fish's attention comments attributed to his son and daughter. It is denied that Gail S. complained that the comments were "racially hostile".

46.     Paragraph No. 46 of the Complaint is admitted.

47.     Paragraph No. 47 of the Complaint is denied and strict proof thereof is demanded at trial.

48.     Paragraph No. 48 of the Complaint is denied and strict proof thereof is demanded at trial.

49.     Paragraph No. 49 of the Complaint is denied and strict proof thereof is demanded at trial.

50.     Paragraph No. 50 of the Complaint is admitted.

51.     Paragraph No. 51 of the Complaint is denied and strict proof thereof is demanded at trial.

52.     Paragraph No. 52 of the Complaint is admitted in part and denied in part. It is admitted that other students of the Academy were not documented for disrespectful and disobedient conduct as the other students did not engage is such conduct. It is denied these Defendants misrepresented the behavior of Jo. S. and Je. S. when documenting their behavior and strict proof thereof is demanded at trial.

53.     Paragraph No. 53 of the Complaint is admitted in part and denied in part. It is admitted that prior to December 2018 concerns about Jo. S.'s behavior and Je. S.'s behavior were addressed verbally. It is denied that the documenting of Jo. S's and Je. S.'s disrespectful and disobedient behavior was in response to Plaintiffs' alleged complaints and strict proof thereof is demanded at trial.

54.     Paragraph No. 54 of the Complaint is denied and strict proof is demanded at trial.

55.     Paragraph No. 55 of the Complaint is admitted to the extent that it is averred that on January 10, 2019 Gail S. sent an email to Paul Fish and Teddy Zeigler. The remainder of the averment is denied and strict proof is demanded at trial. The email is a document that speaks for itself.

56.     Paragraph No. 56 of the Complaint is admitted in part and denied in part. It is admitted that the Academy held a board meeting on January 10, 2019. It is admitted Mr. Ballock and Mr. Patterson were appointed to the board in response to the resignation of one member due to health issues and another member living out of state. It is admitted that the appointments were made without prior notice to the parents; however, it is denied that prior notice to parents is required.

57.     Paragraph No. 57 of the Complaint is admitted in part and denied in part. It is admitted that during the January 10, 2019 board meeting the decision was made to suspend indefinitely Jo. S. and Je. S. based upon a review of their respective conduct at school and consideration of the disciplinary guidelines in effect. It is denied this disciplinary action is not contemplated by the School Handbook. It is denied Plaintiffs did not receive prior warnings about the unacceptable conduct of Jo. S. and Je. S. The remainder of the averment is denied and strict proof thereof is demanded at trial.

58.     Paragraph No. 58 of the Complaint is denied and strict proof thereof is demanded at trial.

59.     Paragraph No. 59 of the Complaint is denied as stated. It is admitted that the meeting minutes reflect that part of the discussion conducted during the January 10, 2019 board meeting involved the allegation made by Gail S. that the Fishes children had made a racist comment. It is denied that Jo. S. or Je. S. were indefinitely suspended in retaliation for Gail S.'s allegation and strict proof thereof is demanded at trial. It is denied that Jo. S. or Je. S. were expelled.

60.     Paragraph No. 60 of the Complaint is denied and strict proof thereof is demanded at trial.

61.     Paragraph No. 61 of the Complaint is denied and strict proof thereof is demanded at trial.

62.     Paragraph No. 62 of the Complaint is denied and strict proof thereof is demanded at trial.

63.     Paragraph No. 63 of the Complaint is admitted.

64.     Paragraph No. 64 of the Complaint is admitted.

65.     Paragraph No. 65 of the Complaint is admitted in part and denied in part. It is admitted that Paul and Kimberly Fish's children have never been indefinitely suspended from the Academy. It is denied that Jo. S. and Je. S. are the only students to have been indefinitely suspended from the Academy. The remainder of the averment is denied and strict proof thereof is demanded at trial.

66.     Paragraph No. 66 of the Complaint is denied and strict proof thereof is demanded at trial.

67.     Paragraph No. 67 of the Complaint is admitted in part and denied in part. It is admitted Jo. S. and Je. S. were honor roll students. The remainder of the averment is denied and strict proof thereof is demanded at trial.

68.     Paragraph No. 68 of the Complaint is not directed toward these Defendants and, therefore, no answer is required.

69.     Paragraph No. 69 of the Complaint is denied and strict proof thereof is demanded at trial.

70.     Paragraph No. 70 of the Complaint is admitted.

71.     Paragraph No. 71 of the Complaint is denied and strict proof thereof is demanded at trial. The Academy refunded to Gail S. the balance of the tuition, minus the cost of PACES completed and purchased, including PACES purchased to finish to school year, for the benefit of Jo. S. and Je. S.

COUNT I:

PLAINTIFFS JO. S. and JE. S. v. ALL DEFENDANTS

VIOLATIONS OF PLAINTIFFS' RIGHTS UNDER
42 U.S.C. § 1981

RACE DISCRIMINATION

72.     Paragraph No. 72 of the Complaint requires no answer. These Defendants herein refer to and incorporate their previous answers.

73.     Paragraph No. 73 of the Complaint is admitted.

74.     Paragraph No. 74 of the Complaint is denied as stated. It is admitted that these Defendants understood that Jo. S. and Je. S. are not Caucasian. The remainder of the averment is denied on the grounds that these Defendants lack knowledge or information sufficient to form a belief about the truth of the averment and strict proof thereof is demanded at trial.

75.     Paragraph No. 75 of the Complaint is denied and strict proof thereof is demanded at trial.

76.     Paragraph No. 76 of the Complaint is denied and strict proof thereof is demanded at trial.

10

77.     Paragraph No. 77 of the Complaint is denied and strict proof thereof is demanded at trial.

78.     Paragraph No. 78 of the Complaint is not directed toward these Defendants and, therefore, no answer is required. These Defendants herein refer to and incorporate their previous answers.

79.     Paragraph No. 79 of the Complaint is denied and strict proof thereof is demanded at trial.

80.     Paragraph No. 80 of the Complaint is denied and strict proof thereof is demanded at trial.

81.     Paragraph No. 81 of the Complaint is denied and strict proof thereof is demanded at trial.

WHEREFORE, Defendants, Butler Wesleyan Academy, Butler Wesleyan Methodist Church, Paul Fish, Teddy Zeigler, Sally Zeigler, Dennis J. Ballock, Dave Patterson, Curt Field, and Kimberly Fish deny that they are liable to Plaintiffs for the sum demanded or for any sum whatsoever and respectfully request this Honorable Court to enter judgment in favor of these Defendants and against Plaintiffs, with costs and prejudice imposed.

## COUNT II:

### PLAINTIFFS JO. S. and JE. S. v. ALL DEFENDANTS

### VIOLATIONS OF PLAINTIFFS' RIGHTS UNDER
### 42 U.S.C. § 1981

### HOSTILE EDUCATIONAL ENVIRONMENT

82.     Paragraph No. 82 of the Complaint requires no answer. These Defendants herein refer to and incorporate their previous answers.

83.     Paragraph No. 83 of the Complaint is admitted.

11

84.     Paragraph No. 84 of the Complaint is denied and strict proof thereof is demanded at trial.

85.     Paragraph No. 85 of the Complaint is denied and strict proof thereof is demanded at trial.

86.     Paragraph No. 86 of the Complaint is not directed toward these Defendants and, therefore, no answer is required. These Defendants herein refer to and incorporate their previous answers.

87.     Paragraph No. 87 of the Complaint is denied and strict proof thereof is demanded at trial.

88.     Paragraph No. 88 of the Complaint is denied and strict proof thereof is demanded at trial.

89.     Paragraph No. 89 of the Complaint is denied and strict proof thereof is demanded at trial.

WHEREFORE, Defendants, Butler Wesleyan Academy, Butler Wesleyan Methodist Church, Paul Fish, Teddy Zeigler, Sally Zeigler, Dennis J. Ballock, Dave Patterson, Curt Field, and Kimberly Fish deny that they are liable to Plaintiffs for the sum demanded or for any sum whatsoever and respectfully request this Honorable Court to enter judgment in favor of these Defendants and against Plaintiffs, with costs and prejudice imposed.

COUNT III:

ALL PLAINTIFFS v. ALL DEFENDANTS

VIOLATIONS OF PLAINTIFFS' RIGHTS UNDER
42 U.S.C. § 1981

RETALIATION DISCRIMINATION

90.     Paragraph No. 90 of the Complaint requires no answer. These Defendants herein refer to and incorporate their previous answers.

91.     Paragraph No. 91 of the Complaint is admitted.

92.     Paragraph No. 92 of the Complaint is denied and strict proof thereof is demanded at trial.

93.     Paragraph No. 93 of the Complaint is denied and strict proof thereof is demanded at trial.

94.     Paragraph No. 94 of the Complaint is not directed toward these Defendants and, therefore, no answer is required. These Defendants herein refer to and incorporate their previous answers.

95.     Paragraph No. 95 of the Complaint is denied and strict proof thereof is demanded at trial.

96.     Paragraph No. 96 of the Complaint is denied and strict proof thereof is demanded at trial.

97.     Paragraph No. 97 of the Complaint is denied and strict proof thereof is demanded at trial.

WHEREFORE, Defendants, Butler Wesleyan Academy, Butler Wesleyan Methodist Church, Paul Fish, Teddy Zeigler, Sally Zeigler, Dennis J. Ballock, Dave Patterson, Curt Field, and Kimberly Fish deny that they are liable to Plaintiffs for the sum demanded or for any sum whatsoever and respectfully request this Honorable Court to enter judgment in favor of these Defendants and against Plaintiffs, with costs and prejudice imposed.

## COUNT IV:

### PLAINTIFFS JO. S. and JE. S. v. ALL DEFENDANTS

### VIOLATIONS OF PLAINTIFFS' RIGHTS UNDER
### 42 U.S.C. § 1981

#### DENIAL OF EQUAL EDUCATIONAL OPPORTUNITY

98.    Paragraph No. 98 of the Complaint requires no answer. These Defendants herein refer to and incorporate their previous answers.

99.    Paragraph No. 99 of the Complaint is admitted.

100.    Paragraph No. 100 of the Complaint is denied and strict proof thereof is demanded at trial.

101.    Paragraph No. 101 of the Complaint is denied and strict proof thereof is demanded at trial.

102.    Paragraph No. 102 of the Complaint is not directed toward these Defendants and, therefore, no answer is required. These Defendants herein refer to and incorporate their previous answers.

103.    Paragraph No. 103 of the Complaint is denied and strict proof thereof is demanded at trial.

104.    Paragraph No. 104 of the Complaint is denied and strict proof thereof is demanded at trial.

105.    Paragraph No. 105 of the Complaint is denied and strict proof thereof is demanded at trial.

WHEREFORE, Defendants, Butler Wesleyan Academy, Butler Wesleyan Methodist Church, Paul Fish, Teddy Zeigler, Sally Zeigler, Dennis J. Ballock, Dave Patterson, Curt Field, and Kimberly Fish deny that they are liable to Plaintiffs for the sum demanded or for any sum

14

whatsoever and respectfully request this Honorable Court to enter judgment in favor of these Defendants and against Plaintiffs, with costs and prejudice imposed.

## COUNT IV [sic]:

### PLAINTIFFS JO. S. and JE. S. v. DEFENDANT CONNECTION

### VIOLATIONS OF PLAINTIFFS' RIGHTS UNDER
### 42 U.S.C. § 1981

### FAILURE TO ADEQUATELY TRIN, SUPERVISE AND OVERSEE

106.-112.   Paragraph Nos. 106-112 of the Complaint are not directed toward these Defendants and require no answers. These Defendants herein refer to and incorporate their previous answers.

WHEREFORE, Defendants, Butler Wesleyan Academy, Butler Wesleyan Methodist Church, Paul Fish, Teddy Zeigler, Sally Zeigler, Dennis J. Ballock, Dave Patterson, Curt Field, and Kimberly Fish deny that they are liable to Plaintiffs for the sum demanded or for any sum whatsoever and respectfully request this Honorable Court to enter judgment in favor of these Defendants and against Plaintiffs, with costs and prejudice imposed.

## COUNT V [sic]:

### ALL PLAINTIFFS v. DEFENDANTS ACADEMY, T. ZEIGLER, S. ZEIGLER, P. FISH, K. FISH, PATTERSON, BALLOCK AND FIELD

### VIOLATION OF PLAINTIFFS' PENNSYLVANIA COMMON LAW RIGHTS

### BREACH OF CONTRACT

113.   Paragraph No. 113 of the Complaint requires no answer. These Defendants herein refer to and incorporate their previous answers.

114.   Paragraph No. 114 of the Complaint is denied and strict proof thereof is demanded at trial. These Defendants herein refer to and incorporate their previous answers.

115.    Paragraph No. 115 of the Complaint is denied and strict proof thereof is demanded at trial.

WHEREFORE, Defendants, Butler Wesleyan Academy, Butler Wesleyan Methodist Church, Paul Fish, Teddy Zeigler, Sally Zeigler, Dennis J. Ballock, Dave Patterson, Curt Field, and Kimberly Fish deny that they are liable to Plaintiffs for the sum demanded or for any sum whatsoever and respectfully request this Honorable Court to enter judgment in favor of these Defendants and against Plaintiffs, with costs and prejudice imposed.

COUNT VI [sic]:

ALL PLAINTIFFS v. DEFENDANTS ACADEMY, T. ZEIGLER, S. ZEIGLER, P. FISH, K. FISH, PATTERSON, BALLOCK AND FIELD

VIOLATION OF PLAINTIFFS' PENNSYLVANIA COMMON LAW RIGHTS

UNJUST ENRICHMENT

116.    Paragraph No. 116 of the Complaint requires no answer. These Defendants herein refer to and incorporate their previous answers.

117.    Paragraph No. 117 of the Complaint is admitted.

118.    Paragraph No. 118 of the Complaint is denied and strict proof thereof is demanded at trial. The Academy refunded to Gail S. the balance of the tuition, minus the cost of PACES completed and purchased, including PACES purchased to finish to school year, for the benefit of Jo. S. and Je. S.

119.    Paragraph No. 119 of the Complaint is denied and strict proof thereof is demanded at trial.

120.    Paragraph No. 120 of the Complaint is denied and strict proof thereof is demanded at trial.

WHEREFORE, Defendants, Butler Wesleyan Academy, Butler Wesleyan Methodist Church, Paul Fish, Teddy Zeigler, Sally Zeigler, Dennis J. Ballock, Dave Patterson, Curt Field, and Kimberly Fish deny that they are liable to Plaintiffs for the sum demanded or for any sum whatsoever and respectfully request this Honorable Court to enter judgment in favor of these Defendants and against Plaintiffs, with costs and prejudice imposed.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim against these Defendants upon which relief may be granted.

2.      The decision to indefinitely suspend Jo. S. and Je. S. was not based upon the race and/or ethnicity of Jo. S. and Je. S., but based upon their respective conduct that repeatedly violated the School Handbook. The Academy was within its rights to discipline Jo. S. and Je. S. for said conduct in the form of an indefinite suspension.

3.      Jo. S. and Je. S. were not expelled from the Academy. Gail S. withdrew Jo. S. and Je. S. from the Academy and placed them in a different school.

4.      The School Handbook is a document provided to parents and students for their benefit. It is not a contract document.

5.      Jo. S. and Je. S. were not subjected to a racially and/or ethnically hostile educational environment at the Academy.

6.      Plaintiffs were not subjected to retaliation in response to any report made by Plaintiffs concerning Jo. S.'s and Je. S.'s enrollment as students at the Academy.

7.      Jo. S. and Je S. were not denied equal access to education while enrolled as students at the Academy or as a byproduct of their indefinite suspension and subsequent withdrawal from the Academy.

8.      These Defendants did not breach the contract entered into between the Academy and Gail S. for the education of Jo. S. and Je. S.

9.      The Academy refunded to Gail S. the balance of the tuition, minus the cost of PACES completed and purchased, including PACES purchased to finish to school year, for the benefit of Jo. S. and Je. S.

10.     Plaintiffs' alleged injuries and/or damages, if any, were not the direct and proximate result of any act or omission by these Defendants.

11.     Plaintiffs have failed to mitigate their alleged injuries and/or damages, if any.

12.     Plaintiff's claim for punitive damages violates, and is therefore barred by, the Constitution of the United States of America and the Constitution of the Commonwealth of Pennsylvania on grounds including the following:

    a.      it is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.      the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

    c.      the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award;

    d.      the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

    e.      the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

18

      f.      the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum fine for the same or similar conduct;

      g.      the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

      h.      the award of punitive damages in this action would constitute a deprivation of property without due process of law; and

      i.      the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

13.      An award of punitive damages, if any, cannot exceed a proportionate ratio to any award of compensatory damages, if any.

14.      These Defendants reserve the right, to the extent justified by the evidence developed in discovery and/or the testimony at the time of trial, to assert any and all other affirmative defenses which discovery may reveal appropriate and/or proper.

WHEREFORE, Defendants, Butler Wesleyan Academy, Butler Wesleyan Methodist Church, Paul Fish, Teddy Zeigler, Sally Zeigler, Dennis J. Ballock, Dave Patterson, Curt Field, and Kimberly Fish deny that they are liable to Plaintiffs for the sum demanded or for any sum whatsoever and respectfully request this Honorable Court to enter judgment in favor of these Defendants and against Plaintiffs, with costs and prejudice imposed.

      Respectfully submitted,

      WALSH, BARNES & ZUMPELLA, P.C.

By:_____

      Adam M. Barnes, Esquire
      Pa. ID #84268
      Gulf Tower, Suite 1400
      707 Grant Street

Pittsburgh, PA 15219
412-258-2255
abarnes@walshlegal.net
*Counsel for Defendants,*
*Butler Wesleyan Academy, Butler Wesleyan*
*Methodist Church, Paul Fish, Teddy Zeigler,*
*Sally Zeigler, Dennis J. Ballock, Dave*
*Patterson, Curt Field, and Kimberly Fish*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BUTLER WESLEYAN ACADEMY, BUTLER WESLEYAN METHODIST CHURCH, PAUL FISH, TEDDY ZEIGLER, SALLY ZEIGLER, DENNIS J. BALLOCK, DAVE PATTERSON, CURT FIELD, AND KIMBERLY FISH** has been served by the Electronic Case Filing System for the United States District Court for the Western District of Pennsylvania this _20_ day of November, 2020.

Joel S. Sansone, Esquire
Massimo A. Terzigni, Esquire
Elizabeth A. Tuttle, Esquire
Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, PA 15222
joelsansonelaw@gmail.com; etuttle@joelsansonelaw.com
mterzigni@joelsansonelaw.com
*Counsel for Plaintiffs*

David R. Dye, Esquire
Ball, Murren & Connell, LLC
2303 Market Street
Camp Hill, PA 17011
dye@bmc-law.net
*Counsel for Defendant, Allegheny Wesleyan Methodist Connection*

WALSH, BARNES & ZUMPELLA, P.C.

By:_____
      Adam M. Barnes, Esquire
      *Counsel for Defendants,*
      *Butler Wesleyan Academy, Butler Wesleyan*
      *Methodist Church, Paul Fish, Teddy Zeigler,*
      *Sally Zeigler, Dennis J. Ballock, Dave*
      *Patterson, Curt Field, and Kimberly Fish*